Michael S. Romano
Attorney at Law
State Bar No. 232182
523 Octavia Street
San Francisco, CA 94102
Telephone: (415) 431-3472

Attorney for Petitioner Travell Brown

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Travell Brown,<br><br>        Petitioner,<br><br>vs.<br><br>Robert Horel, Warden,<br><br>        Respondent. | Case No. _____<br><br>**PETITION FOR A WRIT OF HABEAS CORPUS** |

Petitioner, Travell Brown, by and through his attorney, Michael S. Romano, petitions for a writ of habeas corpus and by this verified petition states the following:

**I.**

Petitioner is presently incarcerated at Pelican Bay State Prison, Crescent City, California, by Respondent Robert Horel, Warden of Pelican Bay State Prison, following the judgment pronounced by the Del Norte County Superior Court, Crescent City, California, in Case No. CRPB03-5089.

**II.**

By information filed in the Del Norte County Superior Court, Petitioner was charged with two counts: Count 1 alleged battery on a non-inmate, in violation of Cal. Penal Code § 24501.5; and Count 2 alleged resisting an executive officer, in violation of Cal. Penal Code § 69. Following a one-day trial on November 8, 2004, the jury was unable to reach a verdict on Count 1, resulting in a mistrial and the granting of the district attorney's motion to dismiss that charge. The jury convicted Petitioner on Count 2. Petitioner was sentenced to the upper term of three

years imprisonment, to be served consecutively to a sentence he is serving on an unrelated drug charge.[1]

### III.

Petitioner appealed his conviction to the California Court of Appeal, First Appellate District, Division Five. On appeal, Petitioner asserted, *inter alia*, that his rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution were violated at trial. Petitioner's conviction was affirmed by the California Court of Appeal in an unpublished opinion filed on August 4, 2006. Petitioner filed a petition for review in the California Supreme Court asserting the same errors as before the Court of Appeal. The California Supreme Court denied review on November 15, 2006. Petitioner's ninety-day period to petition for a writ of certiorari from the United States Supreme Court expired on February 12, 2007.

### IV.

This Court has jurisdiction over the instant Petition pursuant to 28 § U.S.C 2254 because Petitioner's conviction was obtained in violation of the Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

### V.

This petition is timely under 28 U.S.C. § 2244(d)(1)(A). Petitioner's one-year period for filing a petition for writ of habeas corpus in federal court commenced on February 12, 2007. *See Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir.1999) (Holding that AEDPA's limitations period beings ninety days following denial of review by the state's highest court if Petitioner did not seek certiorari from the United States Supreme Court.).

### VI.

Petitioner raised the essential factual and legal bases for the claims described herein in the California Court of Appeal and in his petition for review to the California Supreme Court. The California Supreme Court's November 15, 2006, order denying review was on the merits.

---

[1] The instant petition is ripe even though Petitioner has not yet begun serving his sentence for the underlying offense.

1  Thus, Petitioner's claims arising under the Fifth, Sixth, and Fourteenth Amendments have been
2  exhausted for purposes of this Court's substantive review pursuant to 28 U.S.C. § 2254.

### VII.

Petitioner alleges the following constitutional defects with his state trial, each of which independently entitles him to relief, and which cumulatively constitute a deprivation of his Fifth and Fourteenth Amendment due process rights: (1) The trial court's decision to jointly try Counts 1 and 2, which were completely unrelated, involved different witnesses, and allegedly occurred several days apart, violated Petitioner's rights to due process of law and a fair trial as secured by the Fifth and Fourteenth Amendments; (2) Petitioner's Fifth and Fourteenth Amendment due process rights were violated when the trial court ordered him to appear before the jury in shackles without adequate inquiry to Petitioner's safety risk; (3) Petitioner's Sixth Amendment right to trial by jury and his Fifth and Fourteenth Amendment rights to a fair trial and due process of law were violated when the trial court failed to provide a specific unanimity instruction to the jury despite the State's "multiple act" theory of the case; (4) Petitioner's Fourteenth Amendment due process rights were violated when the trial court instructed the jury that it could convict him of acts with which he had not been charged prior to trial; and (5) the cumulative effect of each of the trial court's errors deprived Petitioner of a fundamentally fair trial, in violation of the Fifth, Sixth, and Fourteenth Amendments.

### VIII.

The factual and legal bases for Petitioner's first claim for relief set forth in Paragraph VII—that his due process and fair trial rights were violated by joinder of Counts 1 and 2—are as follows:

On May 7, 2003, Petitioner was charged by the Del Norte County District Attorney with two in-prison offenses. Count 1 alleged that on September 25, 2002, Petitioner spat on Pelican Bay correctional officer Tammy Hill, in violation of California Penal Code section 24501.5 (battery by an inmate on a non-inmate). Count 2 alleged that four days later, on September 29,

2002, Petitioner forcibly resisted Sergeant T. Bosley and Officers Holt and Hall in violation of California Penal Code section 69 (resisting an executive officer).

On September 30, 2003, Petitioner moved to sever the two counts on the grounds that the jury could aggregate the evidence against him on each crime and find guilt on one when it would not do so if each was considered separately. During the pretrial hearing on Petitioner's severance motion, the district attorney conceded that the evidence on each count was not cross-admissible. RT,[2] Oct. 9, at 4-5 ("I can't honestly tell you [that Counts 1 and 2 involve] the same fact pattern and the same witnesses . . . I do not have interlocking witness testimony."). The district attorney ultimately did not oppose Petitioner's severance motion, stating that it was "a close call." *Id.* at 2-7. The trial court denied Petitioner's motion to sever.

At Petitioner's trial, Officer Hill testified that on the morning of September 25, 2002, she was walking near Petitioner's cell when he cursed and spat on her. Only one other witness testified in connection with Count 1, a registered nurse who examined Officer Hill after the incident.

An entirely different set of witnesses testified to the charges in Count 2, which involved Petitioner's resistance to correctional officers before and after his shower. The district attorney never suggested that the guards involved in the shower incident (charged in Count 2) were aware of or took into account the prior alleged spitting incident (charged in Count 1).

Subsequently, during closing arguments, the district attorney emphasized the inflammatory nature of the allegation in Count 1 and asked members of the jury to imagine a prison inmate spitting in each of their faces. The district attorney then encouraged the jury to weigh the evidence on the two counts in concert. RT, Nov. 8, at 170 ("[The two charges involve] a similar M.O. He apparently hadn't gotten over whatever it was and got it out of his system. And he repeats the same verbal abuse [in both incidents] down to the same verb."). The prejudice resulting from this line of argument was exacerbated by the trial court's failure to instruct the jury that it could not consider the evidence on one count in its deliberations on the

---

[2] "RT" refers to the Reporter's Transcript for the specified date; "CT" refers to the clerk's transcript.

other. Ultimately, although unable to reach a verdict on Count 1, the jury convicted Petitioner on Count 2. The verdict suggests that the jury did exactly what it is forbidden from doing—it combined the evidence on both counts, as instructed by the district attorney, and reached a compromise by convicting him on only one charge.

The joinder of Counts 1 and 2 absent any cross-admissible evidence, combined with the district attorney's closing argument and the trial court's failure to give a curative instruction, violated Petitioner's Fifth and Fourteenth Amendment due process rights. *See United States v. Lane,* 474 U.S. 438, 446 n.8 (1986); *Bean v. Calderon,* 163 F.3d 1073, 1084 (9th Cir. 1998). The California Court of Appeal's opinion holding otherwise was contrary to and involved an unreasonable application of the United States Supreme Court's clearly established precedents within the meaning of 28 U.S.C. § 2254(d)(1).

**IX.**

The factual and legal bases for Petitioner's second claim for relief set forth in Paragraph VII—that his due process rights were violated when he was ordered to appear before the jury in shackles—are as follows:

On July 23, 2003 (over one year before Petitioner's trial), the trial court held a hearing to consider a motion brought by the district attorney to shackle Petitioner in full restraints during trial. The trial court assumed from the outset that Petitioner should be shackled in some way, making the focus of the argument "what degree of restraints" was appropriate. RT, July 24, at 7. Petitioner's counsel objected, arguing that if Petitioner had to be shackled to his chair (out of the jury's view), his hands at least should be free to avoid unnecessary prejudice and to communicate with counsel. Disagreeing with Petitioner's counsel, the district attorney offered the testimony of Sergeant Ken Thomas.

Sergeant Thomas was the only witness presented, and he recommended that Petitioner remain in full restraints during trial based on a review of Petitioner's prison file. Yet Sergeant Thomas could testify to only one instance of non-conforming or unruly behavior by Petitioner in the year prior to his testimony (and thus two years prior to Petitioner's actual trial). Specifically, Sergeant Thomas testified that Petitioner made a "specific threat" in October 2002. Sergeant

Thomas acknowledged on the stand that he did not know the precise date, time, or location of the threat. Nor did he know what Petitioner had threatened to do, against whom the threat was made, or any of the surrounding circumstances. The trial court nonetheless granted the district attorney's motion in full. During trial, Petitioner's legs were shackled to his chair, which was bolted to the ground, and both of his hands were cuffed to a chain around his waist. Petitioner's restraints were plainly visible to the jury.

The trial court's order to place Petitioner in full restraints in plain view of the jury absent an adequate inquiry or manifest need violated his Fifth and Fourteenth Amendment due process and fair trial rights. *Illinois v. Allen*, 397 U.S. 337, 443 (1970); *Estelle v. Williams* 425 U.S. 501, 504-05 (1976). The California Court of Appeal's opinion holding otherwise was contrary to and involved an unreasonable application of the United States Supreme Court's clearly established precedents within the meaning of 28 U.S.C. § 2254(d)(1).

## X.

The factual and legal bases for Petitioner's third claim for relief set forth in Paragraph VII—that his rights to due process of law and trial by jury were violated when the trial court failed to give a specific unanimity instruction—are as follows:

During Petitioner's trial, the district attorney argued that the incident described in Count 2 occurred in three distinct "stages." RT, Nov. 8, at 159-160.

According to the district attorney, the "first stage" of Petitioner's offense began when prison guards escorted Petitioner from his cell to the shower. RT, Nov. 8, at 102-103. According to testimony from correctional officers, Petitioner vocally objected to prison protocol, which required that inmates walk backwards out of their cells. Petitioner was eventually escorted to the shower. After a fifteen minute shower, different officers were called to escort Petitioner back to his cell. When he refused to walk backwards out of the shower, the escorting officers reached into the shower, grabbed Petitioner and attempted to turn him around. Although Petitioner was in handcuffs, he attempted to shrug off the escorting officers. Petitioner was eventually pushed to the floor by the officers and put in additional restraints.

According to the district attorney's closing argument, the "second stage" of Petitioner's resistance occurred when he was escorted from the shower to a medical technician for treatment, which he refused. RT, Nov. 8, at 64.

The district attorney's "third stage" of resistance occurred at Petitioner's cell. Yet another group of officers testified that Petitioner stuck his foot outside the cell door to prevent it from closing. Petitioner also attempted to pull his handcuffs into the cell with him before the escorting officers could unlock the cuffs.

According to the district attorney's summary of the case, all three stages of the incident, including Petitioner's intervening shower, lasted between 35 and 55 minutes.

The evidence presented at trial thus clearly suggested several discrete acts, against multiple officers, upon which the jurors could have based their verdict on Count 2 under Cal. Penal Code § 69 (criminalizing both threats and resistance by force against an executive officer). These acts included:

1. When Petitioner refused to walk backward out of his cell, stating "Fuck you, bitch. I'll come out any way I want to." RT, Nov. 8, at 102.

2. When Petitioner refused to turn around upon exiting the shower, stating, "You don't tell me what to do. I'm not your son." RT, Nov. 8, at 86.

3. When Petitioner pulled away from escorting officers after refusing to turn around. RT, Nov. 8, at 102-103.

4. When Petitioner refused medical treatment, an act described by the district attorney as "passive resistance." RT, Nov. 8, at 64.

5. When Petitioner stuck his foot in the door to his cell in order to prevent officers from locking him in, conduct described by the district attorney as "resisting" executive officers. RT, Nov. 8, at 160.

6. When Petitioner tried to pull the handcuffs through the cuff port in his cell door. Officers testifying to this incident stated that Petitioner was "resisting" them. RT, Nov. 8, at 65, 113, 117.

Notwithstanding this evidence and the district attorney's theory of multiple acts of "resistance in three stages," the trial court failed to instruct the jurors that they must agree on which act constituted Petitioner's violation of Penal Code section 69.

The trial court's instructions violated clearly established state procedure requiring a unanimity instruction in such situations and ultimately lowered the prosecution's burden of proof, in violation of Petitioner's due process and fair trial rights. *See Francis v. Franklin* 471 U.S. 307, 326 (1985); *Sandstrom v. Montana* 442 U.S. 510, 521 (1979); *People v. Wolfe* 114 Cal. App. 4th 177, 188 (failure to give a specific unanimity instruction violates the federal constitution and must be reviewed under the *Chapman* harmless error standard). Furthermore, because the evidence suggested more than two criminal acts upon which the jury might reasonably have convicted Petitioner on Count 2, the trial court's failure to give a specific unanimity instruction violated Petitioner's Sixth Amendment right to a unanimous verdict of at least six jurors. *See Burch v. Louisiana*, 441 U.S. 130 (1979); *Brown v. Louisiana*, 447 U.S. 323, 334 (1980) ("*Burch* established that the concurrence of six jurors was constitutionally required to preserve the substance of the jury trial right and assure the reliability of its verdict."). The California Court of Appeal's opinion holding otherwise was contrary to and involved an unreasonable application of the United States Supreme Court's clearly established precedents within the meaning of 28 U.S.C. § 2254(d)(1).

## XI.

The factual and legal bases for Petitioner's fourth claim for relief set forth in Paragraph VII—that his due process rights were violated when the trial court instructed the jury that it could convict him of acts with which he had not been charged prior to trial—are as follows:

Count 2 of the information filed against Petitioner charged that "[o]n or about September 29, 2002, [Travell Brown] did willfully, unlawfully, and knowingly resist an executive officer . . . in the performance of his duty by the use of force and violence." CT at 14. The Information accurately reflects the allegations made during Petitioner's preliminary hearing on May 22, 2003. However, the trial court's eventual instructions to the jury at trial improperly expanded the theory of culpability under California Penal Code section 69.

Relying on language taken straight from the Penal Code, rather than the words of the Information, the court instructed the jury that it could convict Petitioner under either of two theories of culpability, explaining:

> Every person who willfully attempts by means of any threat or violence to deter or prevent an executive officer from performing any duty imposed upon that officer by law *or* who resists by force or violence an executive officer in the performance of his or her duty is guilty of a violation of section 69 of the Penal Code, a crime.

RT, Nov. 8, at 151 (emphasis added). Under California law, the statutory language read to the jury at Petitioner's trial "contains two distinct offenses." *In re M.L.B.*, 110 Cal. App. 3d 501, 503. The California Supreme Court explained:

> [Penal Code § 69] sets forth two separate ways in which an offense can be committed. The first is attempting by threats or violence to deter or prevent an officer from performing a duty imposed by law; the second is resisting by force or violence an officer in the performance of his or her duty.

*In re Manuel G.*, 16 Cal. 4th 805, 814 (1997).

As discussed in Paragraph X, the evidence presented at trial included testimony describing verbal threats made by Petitioner to various prison officials. Furthermore, the district attorney explicitly described several verbal acts by Petitioner as "resistance," including his refusal to walk backward out of his cell and his refusal of medical treatment. RT, Nov. 8, at 159-60. As above, the trial judge failed to clarify that jurors must agree on a single act of illegal conduct. Under these circumstances, it is thus possible, if not likely, that Petitioner was convicted of uncharged conduct, in violation of Petitioner's Fourteenth Amendment due process rights. *Cole v. Arkansas*, 333 U.S. 196 (1948). The California Court of Appeal's opinion holding otherwise was contrary to and involved an unreasonable application of the United States Supreme Court's clearly established precedents within the meaning of 28 U.S.C. § 2254(d)(1).

## XII.

The cumulative effect of each of the constitutional errors described in Paragraphs VII through XI further deprived Petitioner of his due process and fair trial rights. The California Court of Appeal's opinion holding otherwise was contrary to and involved an unreasonable application of the United States Supreme Court's clearly established precedents within the meaning of 28 U.S.C. § 2254(d)(1).

**XIII.**

Petitioner has no plain, speedy, or adequate remedy at law for the constitutional violations described in Paragraphs VII-XII.

Wherefore, petitioner respectfully requests that this Court:

1) Order Respondent to show cause why Petitioner is not entitled to the relief sought;

2) Grant Petitioner an evidentiary hearing at which he will offer further proof of the allegations described herein;

3) After full consideration of the issues raised by this petition, grant the petition, vacate Petitioner's conviction, and grant Petitioner a new trial;

4) Grant such other and further relief as may seem just under the circumstances.

Dated: February 7, 2008

Respectfully submitted,

_____
MICHAEL S. ROMANO
Attorney for Petitioner Travell Brown


**PROOF OF SERVICE BY MAIL -- 1013(a), 2015.5 C.C.P.**

Re: <u>Brown v. Horel</u>

I am a citizen of the United States; my business address is 523 Octavia Street, San Francisco, California 94102. I am employed in the City and County of San Francisco, where this mailing occurs; I am over the age of eighteen years and not a party to the within cause. I served the within:

on the following person(s) on the date set forth below, by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States Post Office mail box at San Francisco, California, addressed as follows:

**Edmund Brown**
**Attorney General of California**
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102

**Travel Brown, H36296**
P.O. Box 290066
Represa, CA 95671

[ x ] **BY MAIL:** By depositing said envelope, with postage thereon fully prepaid, in the United States mail in San Francisco, California, addressed to said party(ies); I certify or declare under penalty of perjury that the foregoing is true and correct. Executed on March 17, 2005 at San Francisco, California.

[ x ] BY PERSONAL SERVICE         [ ] BY FEDEX

_____
Michael Romano

JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
TRAVELL BROWN

## DEFENDANTS
ROBERT HOREL, Warden

(b) County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Michael S. Romano, esq.
Attorney at Law
523 Octavia Street
San Francisco, CA 94102

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | 610 Agriculture | 422 Appeal 28 USC 158 | 400 State Reapportionment |
| 120 Marine | 310 Airplane / 362 Personal Injury—Med. Malpractice | 620 Other Food & Drug | 423 Withdrawal 28 USC 157 | 410 Antitrust |
| 130 Miller Act | 315 Airplane Product Liability / 365 Personal Injury — Product Liability | 625 Drug Related Seizure of Property 21 USC 881 |  | 430 Banks and Banking |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander / 368 Asbestos Personal Injury Product Liability | 630 Liquor Laws | PROPERTY RIGHTS | 450 Commerce |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | 640 R.R. & Truck | 820 Copyrights | 460 Deportation |
| 151 Medicare Act | 340 Marine | 650 Airline Regs. | 830 Patent | 470 Racketeer Influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (Excl. Veterans) | 345 Marine Product Liability / PERSONAL PROPERTY / 370 Other Fraud | 660 Occupational Safety/Health | 840 Trademark | 480 Consumer Credit |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle / 371 Truth in Lending | 690 Other |  | 490 Cable/Sat TV |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability / 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | 810 Selective Service |
| 190 Other Contract | 360 Other Personal Injury / 385 Property Damage Product Liability | 710 Fair Labor Standards Act | 861 HIA (1395ff) | 850 Securities/Commodities/Exchange |
| 195 Contract Product Liability |  | 720 Labor/Mgmt. Relations | 862 Black Lung (923) | 875 Customer Challenge 12 USC 3410 |
| 196 Franchise |  | 730 Labor/Mgmt.Reporting & Disclosure Act | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | 740 Railway Labor Act | 864 SSID Title XVI | 891 Agricultural Acts |
| 210 Land Condemnation | 441 Voting / 510 Motions to Vacate Sentence | 790 Other Labor Litigation | 865 RSI (405(g)) | 892 Economic Stabilization Act |
| 220 Foreclosure | 442 Employment | 791 Empl. Ret. Inc. Security Act |  | 893 Environmental Matters |
| 230 Rent Lease & Ejectment | 443 Housing/Accommodations / Habeas Corpus: |  | FEDERAL TAX SUITS | 894 Energy Allocation Act |
| 240 Torts to Land |  [x] 530 General |  | 870 Taxes (U.S. Plaintiff or Defendant) | 895 Freedom of Information Act |
| 245 Tort Product Liability | 444 Welfare / 535 Death Penalty | IMMIGRATION | 871 IRS—Third Party 26 USC 7609 | 900 Appeal of Fee Determination Under Equal Access to Justice |
| 290 All Other Real Property | 445 Amer. w/Disabilities - Employment / 540 Mandamus & Other | 462 Naturalization Application |  | 950 Constitutionality of State Statutes |
|  | 550 Civil Rights | 463 Habeas Corpus – Alien Detainee |  |  |
|  | 446 Amer. w/Disabilities – Other / 555 Prison Condition | 465 Other Immigration Actions |  |  |
|  | 440 Other Civil Rights |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC Sec. 2254
Brief description of cause:
Habeas

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2) (PLACE AND "X" IN ONE BOX ONLY)
[x] SAN FRANCISCO/OAKLAND   [ ] SAN JOSE

DATE 2/7/08

SIGNATURE OF ATTORNEY OF RECORD

JS 44 Reverse (Rev. 12/07)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.  (a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V. **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**    Example:    U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.
**Date and Attorney Signature.** Date and sign the civil cover sheet.