IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TRAVELL BROWN,

    Plaintiff,

  v.

ROBERT HOREL,

    Defendant.

No. C 08-00853 WHA

**ORDER TO SHOW CAUSE**

## INTRODUCTION

Petitioner Travell Brown is currently incarcerated at Pelican Bay State Prison in Crescent City, California. In his petition for a writ of habeas corpus, he has stated valid claims under 28 U.S.C. 2254.

## STATEMENT

Petitioner was charged with two counts: Count One alleged battery on a non-inmate, and Count Two alleged resisting a police officer. In November 2004, Count One resulted in a mistrial after the jury could not reach a verdict. Petitioner was, however, convicted of Count Two. He was sentenced to three years, to be served consecutively with a sentence he is currently serving on an unrelated drug charge. (He has not yet begun serving his sentence for the underlying offense.)

He appealed his conviction to the California Court of Appeal, asserting violations of his rights under the Fifth, Sixth, and Fourteenth Amendments of the Constitution. The California Court of Appeal affirmed his conviction in August 2006. Petitioner then filed a petition for

review in the California Supreme Court, raising the same grounds for review. His petition was denied review in November 2006. His ninety-day period to petition for a writ of certiorari from the United States Supreme Court expired on February 12, 2007. Petitioner filed his federal habeas on February 7, 2008.[1]

## ANALYSIS

According to 28 U.S.C. 2244(d)(1)(A), the one-year period of limitation runs from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner filed his petition five days before his one-year limitations period expired; his petition was therefore timely.

A district court may entertain a habeas petition filed by someone in custody pursuant to a state-court judgment but only on grounds that he is held in violation of the Constitution, laws or treaties of the United States. 28 U.S.C. 2254(a). A court may "issue an order directing the respondent to show cause why the writ should not be granted," unless the petition is baseless. 28 U.S.C. 2243. Summary dismissal is appropriate only if the petition's allegations are vague, conclusory, incredible, or frivolous. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

Petitioner makes the following claims (which were raised earlier in state court): (i) the trial court's decision to jointly try Counts One and Two violated his rights to due process and a fair trial under the Fifth and Fourteenth Amendments because the counts were unrelated, involved different witnesses and allegedly occurred several days apart; (ii) the trial court violated his due process rights under the Fifth and Fourteenth Amendments when it ordered him to appear before the jury in shackles without adequate inquiry into his security risk; (iii) the trial court violated his Sixth Amendment right to trial by jury and his Fifth and Fourteenth Amendment rights to a fair trial and due process because it failed to provide a specific unanimity instruction despite the state's "multiple act" theory of the case; (iv) the trial court

---

[1] Although petitioner provided the decision from the California Court of Appeal, he did not provide anything in the record that substantiated the rest of the procedural history with respect to the California Supreme Court and petition for writ of certiorari from the Supreme Court of the United States. Respondent should expressly address this point.

violated his due process rights under the Fourteenth Amendment when it instructed the jury that petitioner could be convicted of acts with which he had not been charged prior to trial; and (v) the cumulative effect of these errors deprived him a fundamentally fair trial in violation of his Fifth, Sixth, and Fourteenth Amendment rights. Petitioner states valid claims. The state therefore must answer.

## CONCLUSION

The Clerk immediately shall serve respondent's counsel with a copy of the petition, all attachments to it, and this order. Respondent shall file and serve upon petitioner, by **MARCH 20, 2008**, an answer conforming to Rule 5 of the Rules governing Section 2254 cases in the United States District Courts. Respondent shall, by that date, also serve all other materials required by Habeas Local Rule 2254-6(b). The record must be indexed. If petitioner wishes to respond to the answer, he shall file a traverse with the Court and serve it upon respondent within thirty days of service of the answer.

**IT IS SO ORDERED.**

Dated: February 20, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

TRAVELL BROWN,

        Plaintiff,

  v.

ROBERT HOREL et al,

        Defendant.
                                          /

Case Number: CV08-00853 WHA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 20, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Attorney General's Office
455 Golden Gate Ave
San Francisco, CA 94102

Dated: February 20, 2008

                                      Richard W. Wieking, Clerk
                                      By: Dawn Toland, Deputy Clerk