1  Michael S. Romano
   Attorney at Law
2  State Bar No. 232182
   523 Octavia Street
3  San Francisco, CA 94102
   Telephone: (415) 431-3472
4
   Attorney for Petitioner Travell Brown
5

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Travell Brown, | ) Case No. 08-00853 WHA |
| Petitioner, | ) |
| vs. | ) **NOTICE OF APPEAL AND REQUEST** |
| | ) **FOR CERTIFICATE OF** |
| Robert Horel, Warden, | ) **APPEALABILITY** |
| Respondent. | ) |

Petitioner hereby provides notice of his appeal of this Court's Order and Judgment issued July 15, 2008.

On February 7, 2008, Mr. Brown filed a Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, alleging several violations of his federal constitutional rights and that the California Court of Appeal's decision affirming his conviction was contrary to and an unreasonable application of clearly established Supreme Court law. In particular, Petitioner argued that:

(1) Joinder of multiple unrelated criminal charges violated the Due Process Clause;

(2) The trial court improperly ordered that he be shackled during his trial;

(3) The trial court's jury instructions did not require jurors to reach a unanimous verdict;

(4) The trial court expanded the theory of culpability beyond the original charges; and

(5) The trial court's several errors combined to deprive him of a fair trial.

---

Notice of Appeal                              3

Petitioner also requests that this Court issue a Certificate of Appealability ("COA"), pursuant to 28 U.S.C. § 2253. Petitioner is entitled to a COA because he has made a "substantial showing of the denial of a constitutional right." *Ibid.* As the Ninth Circuit explained in *Silva v. Woodford*, 279 F.3d 825, 833 (9th Cir. 2002):

> It is essential to distinguish the standard of review for purposes of granting a COA from that for granting the writ. In deciding whether to grant a COA for a particular issue, [this Court], established the following test:
>
> [A substantial showing of the denial of a constitutional right] . . . includes showing that reasonable jurists *could debate* whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.
>
> . . . *[T]his amounts to a modest standard*. Indeed, [courts] must be careful to avoid conflating the standard for gaining permission to appeal with the standard for obtaining a writ of habeas corpus. . . . [I]n examining an application to appeal from the denial of a habeas corpus petition, obviously the petitioner need not show that he should prevail on the merits [since h]e has already failed in that endeavor . . . . *Furthermore, any doubts about whether the petitioner has met the [COA] standard must be resolved in his favor*.

(Emphasis added and citations omitted).

Petitioner respectively submits that his claims meet this "modest standard" for reasons provided in Petitioner's previous pleadings, and requests that this Court issue a COA under 28 U.S.C. § 2253.

DATED:   July 25, 2008                    Respectfully submitted,


                                          /s/ Michael Romano
                                          MICHAEL S. ROMANO
                                          Attorney for Petitioner
                                          Travell Brown

Notice of Appeal                           3