IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TRAVELL BROWN,

    Petitioner,

  v.

ROBERT HOREL,

    Respondent.

No. C 08-00853 WHA

**ORDER GRANTING CERTIFICATE OF APPEALABILITY AND DENYING REQUEST FOR A FEE WAIVER**

Petitioner Travell Brown filed a petition for writ of habeas corpus in this case pursuant to 28 U.S.C. 2254. On July 15, 2008, this Court denied the petition in its entirety. Judgment was entered in favor of respondent on the same day. On July 25, 2008, petitioner filed a notice of appeal. He now applies for a certificate of appealability under 28 U.S.C. 2253.

A district court judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. 2253(c)(2). Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy Section 2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). Given this standard, the Court certifies the following issues for appeal:

    1.    Were petitioner's rights violated by the trial court's joinder of Counts One and Two?

    2.    Were petitioner's rights violated when he was ordered to appear before the jury in shackles?

3.      Were petitioner's rights violated when the trial court did not provide a specific unanimity instruction?

4.      Were petitioner's rights violated when the trial court allegedly expanded the theory of culpability in its instructions to the jury?

5.      Did the cumulative effect of these alleged errors deprive petitioner of his rights?

Petitioner further requests a waiver of the fee. Pursuant to FRAP 3(e), an appellant must pay the district clerk all required fees upon filing a notice of appeal. The docket fee does not need to be paid if: (i) the district court or the appellate court has granted *in forma pauperis* or Criminal Justice Act status; (ii) an application for *in forma pauperis* relief or for a certificate of appealability to appeal is pending; or (iii) the appellant (*e.g.*, the government) is exempt by statute from paying the fee. Counsel is supposed to advise the clerk at the time the notice of appeal is filed if one of these conditions exists. The record does not show that any of these conditions exists.

Moreover, "a party to a district court action who desires to appeal *in forma pauperis* must file a motion in the district court." FRAP 24(a). Petitioner has not attached an affidavit showing his inability to pay or to give security for fees and costs, claiming an entitlement to redress, and stating the issues that the party intends to present on appeal in accordance with the Federal Rules of Appellate Procedure. Instead, counsel merely states in an unsworn memorandum that petitioner is an indigent inmate who is being represented *pro bono*. This is insufficient. Accordingly, the request for a fee waiver is **DENIED**.

The Clerk of the Court shall transmit the file, including a copy of this order, to the Court of Appeals for the Ninth Circuit.

**IT IS SO ORDERED.**

Dated: August 1, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE